City of St. Louis v. Ranken.

---

CITY OF ST. LOUIS, *Appellant,* v. RANKEN.

1. **City of St. Louis** : CHARTER AND ORDINANCES : STREET OPENING : SPECIAL BENEFITS : NOTICE. The charter and ordinances of the city of St. Louis, relating to the opening of streets, provide for the making of taxing districts, the assessment of special benefits upon the property within its district in the proportion that each owner's property is especially benefited by the street opening, and for the apportionment of such special benefit among the several property-owners by the assessment against each separate piece of land of a tax equal to its proportionate share of such especial benefit. It is also further provided that notice shall be given to the property-owners of the creation and metes and bounds of the taxing district, and of the time and place of making the assessment by the commissioners, and that the owners may be heard on the question of the amount of the assessment by the commissioners before the same is made, and by the circuit court upon exceptions thereto before it is made final, and attaches as a lien upon the property assessed. *Held,* in an action on a special tax bill for alleged benefits to defendant's property, that the defendant, having received notice of the proposed assessment, it was not necessary that he should have been made a party defendant in the condemnation proceedings to open the street.

2. —— : SPECIAL TAX-BILL : VALIDITY OF ASSESSMENT. The only question that can be raised in such action on the special tax-bill is as to the validity of the assessment and levy.

3. —— : —— : BENEFITS. The question whether the defendant's property was benefited by the improvement and the amount of such benefit cannot be raised.

4. —— : NOTICE : ASSESSMENT. The defendant, being entitled to notice of the assessment, if it has not been given him or if a hearing has been denied him, the assessment is void.

5. ———— : PLEADING. The plaintiff cannot recover where his petition fails to show the performance of the acts required by the ordinance to make a valid assessment.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

REVERSED AND REMANDED.

*Leverett Bell* for appellant.

(1) The court erred in admitting improper and illegal testimony. It was incompetent to go into the question whether the widening of Eighteenth street was a public necessity which justified the passage of an ordinance therefor. (2) The circuit court erred in refusing plaintiff's instruction.

*G. M. Stewart* for respondent.

The first instruction asked by plaintiff was intended to withdraw all evidence from the consideration of the jury and was properly refused. *St. Louis v. Richeson,* 76 Mo. 470.

BRACE, J.—This is an action on a special tax-bill for alleged benefits to defendant's property, because of the widening of Eighteenth street at its intersection with Clark avenue in the city of St. Louis. The benefits were assessed in a condemnation proceeding in the St. Louis circuit court, in a case entitled City of St. Louis *vs.* Jacob B. Wall *et al.* The defendant was not by the petition in that proceeding made a party defendant, nor was there a summons issued to or served upon him, nor was any of his property sought to be condemned therein. The property assessed for benefits is on Clark avenue, one hundred and fifty-eight feet distant from the street improved.

The petition sets out the proceedings in the condemnation suit, the ordinance authorizing its institution, the ordinance governing condemnation proceedings and for the collection of benefits and payment of damages, the issuance of the tax-bill, the notice thereof to the defendant; alleged the expiration of the time allowed by ordinances for its payment, averred non-payment and prayed judgment for the amount thereof with interest and costs, and that said amount be declared a special and first lien against the premises assessed and for a sale, etc.

The defendant, in his answer, denied all the allegations of the petition and set up two defenses to plaintiff's action: First, that he was not a party to said suit of the City of St. Louis *vs.* Wall *et al.*, had no notice of the proceedings alleged to have been had therein, and was in no way impleaded therein; second, that the property described in said petition was in no way and in no respect benefited by or in consequence of the matters and things alleged in the petition.

The plaintiff read in evidence the record of the condemnation proceedings, and it was admitted that the tax-bill was regularly issued and that all the ordinances referred to in the petition had been regularly passed. Plaintiff then introduced evidence tending to prove that the defendant's property sought to be charged was specially benefited by the improvement, and rested. The defendant then introduced evidence tending to prove that his property was not specially benefited by the improvement, and this was all the evidence.

The court refused to instruct the jury as prayed for by the plaintiff, "that on the testimony in the case, the plaintiff is entitled to recover the amount of the special tax-bill sued upon," and instructed them, "that the issue for them to determine in this case is whether defendant's property as described in the petition was especially benefited by the widening of Eighteenth street, and the amount of such special benefits, if any.

If you find said property was not especially benefited, your verdict should be for the defendant. If you find it was especially benefited, you should state the fact in your verdict, and the amount of such benefit;" and further instructed the jury that the report of the commissioners in the condemnation proceedings was not evidence of such benefits, and to make their finding as to the benefits on the other evidence in the case without reference to the finding of such commissioners. The jury found for the defendant and the plaintiff appealed.

It will thus be seen, the case was tried upon the theory that the defendant in this action for the collection of the amount assessed for benefits against his property, and the enforcement of the lien therefor given by law, had the right to show that his property had not been specially benefited, or had not been benefited to the amount assessed. In effect, holding either that the property had not been assessed at all, or allowing an appeal from that assessment, practically converting the suit for the collection into an action for the *assessment* and collection of benefits, and this theory seems to have the support of the opinion in the case of *City of St. Louis v. Richeson*, 76 Mo. 470. The doctrine that the property of a citizen, especially benefited by a public improvement, may be made to contribute for such special benefit, to the expense thereof, an amount equal to such benefit over and above the amount to be contributed by his property in common with other citizens for the common benefit, though sometimes questioned, is now so universally accepted and well established, that it is unnecessary to cite authorities in support of it. It is also as well settled that the power of the government by which such contribution is enforced is the exercising of the taxing power of the government and not of the power of eminent domain. Such special benefit is a tax assessed against the particular property benefited. Suits for the collection of delinquent taxes are quite

familiar.    The law-making power, doubtless, might
provide for the *assessment* as well as the collection of
taxes by suit, but the suggestion that it had done
so in a given case would be so novel as to invite a care-
ful scrutiny of the law said to authorize it.

The law governing this case is found in the scheme
and charter of St. Louis, article 6, sections 2, 3, 4, 5, 6,
9 and 10 (2 R. S. 1879, p. 1606), and in ordinances of the
city of St. Louis numbers 11,695 and 12,121.    The
former is a general ordinance entitled :    "An ordinance
governing proceedings in the condemnation of private
property for public use, and providing for the collection
of benefits and the payment of damages," etc.,
approved March 30, 1881.    The latter is an ordinance
for the widening of the particular street in ques-
tion.    The charter provisions contained in said sections,
so far as applicable to this case, may be summarized as
follows :    Whenever the assembly shall provide by
ordinance for widening any street, and it becomes neces-
sary for that purpose to appropriate private property,
a proceeding shall be instituted in the circuit court in
the name of the city by petition, setting forth the
general nature of the improvement proposed to be
made, the names of the owners of the property to be
appropriated, if known, and if not known a description
of the property, and praying the appointment of three
disinterested commissioners to assess the damages
which said owners may severally sustain by reason of
the appropriation, to which petition the owners if
known shall be made parties defendant by name, if
unknown, by a description of the land.    Upon filing
the petition, a summons shall issue to the defendants
giving them ten days notice of the time when the peti-
tion will be heard, and in case of non-resident or
unknown owners, an order of publication.    Notice
having been served and shown, on the day appointed
for the hearing, the court shall appoint three commis-
sioners to assess the damages which the owners of the

land may severally sustain, whose duty it shall be to ascertain the actual value of the property proposed to be taken, without reference to the improvement, and the actual damage done to the property thereby, and for the payment of such values and damages to assess against the city the amount of the benefit to the public generally, and the balance against the owners of all property which shall be especially benefited by the proposed improvement in the opinion of the commissioners, to the amount that each lot of said owner shall be benefited by the improvement. The sum to be paid by the owners of the property especially benefited by the improvement, as ascertained by the commissioners, shall be a lien on the property so charged, and shall be collected as provided by ordinance, and when collected shall be paid into the city treasury as a separate fund to be used exclusively for the payment of the damages awarded.

When the commissioners have viewed the property and assessed the value, damages and benefits, they shall make return of such assessment in writing un der oath to the circuit court, in which the value and damages allowed each owner, and the benefits assessed against each individual shall be separately stated. The report of the commissioners may be reviewed by the circuit court on written exceptions filed by either party within ten days after filing of such report, and the court may order a new appraisement upon good cause shown, and the court shall not take final action thereon until the result has been reported to the assembly for its information and approval. If the assembly approves the result of the appraisement, and the city does not dismiss the proceeding, and no exceptions have been filed, or the exceptions filed have been disposed of, the court takes final action on the report. It then becomes the duty of the clerk of such court to make a certified copy of the report and the final action of the court thereon and deliver the same to the city comptroller,

who shall forthwith record the same in a book to be provided for that purpose, and as soon as recorded, to furnish a copy thereof to the assembly, and the assembly, at its first session thereafter, shall make an appropriation for the payment out of the city treasury of all damages assessed in favor of the owners of property appropriated, and the city treasurer shall cause the same to be paid, etc. Any failure of the assembly within the time above stated to make such appropriation shall operate as a dismissal of such proceedings.

The provisions of ordinance number 11695 applicable to this case are substantially as follows:

Sec. 1. Whenever the municipal assembly shall provide by ordinance for widening any street, and it is necessary to take private property for the same, the street commissioner shall furnish the city counsellor with all necessary plats showing the property to be affected by the proposed improvement, the metes and bounds, and the names of the owners thereof.

Sec. 2. It shall be the duty of the commissioners appointed in any such proceeding to ascertain the value and damages ( as in the charter ) of the property taken, and for the payment of such value and damages, to assess against the city the amount of benefit to the public generally and the balance against all property within a district to be ascertained, defined, laid out and established by the commissioners as the district of the property benefited by the proposed improvement, and each lot in said district shall be assessed for the proportionate amount it is benefited in the opinion of the commissioners, so that the aggregate amount assessed against the property in said district shall equal the amount of value and damages awarded for the property taken for the improvement less the amount assessed against the city for the benefit arising to the public generally for the improvement. The sum assessed as benefits against property within the district aforesaid

shall be a lien on the property so charged, and shall be collected, if not paid as hereinafter provided, by suits in the circuit court in the name of the city, and when paid into the city treasury shall be a separate fund to be used exclusively for the payment of the damages awarded, provided, however, that before the commissioners shall assess benefits against property in the district established as aforesaid, the city counsellor shall give five days notice in the paper doing the city printing, of the establishment of said district and the boundaries thereof, and of the time and place when and where the commissioners will proceed to assess said benefits, and inviting all persons interested to be present, and at said hearing, all parties owning or interested in property in said district shall have the right to be heard, and may except to the report of the commissioners before the circuit court when it is filed.

The remaining sections of the ordinance relate to the duties of the officers in making out special tax-bills for such benefits and collecting the same, by suit if necessary, after final action by the court and appropriation by the assembly for the payment by the city of the damages awarded for the property taken.

The charter ( sec. 26, art. 3 ) expressly confers power upon the city by ordinance to assess, levy and collect all taxes for general and special purposes, and to establish, open, vacate, alter and widen its streets. The foregoing provisions of the charter confer upon the city the power to condemn private property for the purpose of widening a street, and prescribes the manner in which it shall be done, and how compensation shall be made to the owner. It also confers upon the commissioners, appointed in a proceeding for that purpose, the power, subject to review by the circuit court, to determine the amount of damages to be paid to the owners, and to apportion that amount between the city and the citizens whose property will be specially benefited, and also the power to determine what property will be so benefited

City of St. Louis v. Ranken.

and the amount of such benefit. The mode in which this last power is to be exercised by the commissioners is, however, not specifically pointed out in the charter. In that respect, the ordinance supplements the charter (as it might well do, the power having been granted, the method of its exercise not having been provided for in detail) by providing, that the commissioners shall erect and define a district within which property will be especially benefited by the improvement in their opinion, and that, before they proceed to assess the benefits against the property in such district, notice shall be given to all parties interested of the establishment of such district, its metes and bounds, the time when and place where the assessment of the property in such district will be made, when and where they have the right to appear and be heard, and further providing for a rehearing in the circuit court on the report of the commissioners, on exceptions filed by any one dissatisfied with the apportionment of the commissioners.

The determination of the question, what property of the citizens will be benefited by a public improvement, is the exercise of legislative power, whether exercised by the legislature directly or by municipal authorities to whom the power is delegated for that purpose, and "due process of law is not essential to its legitimate exercise." These authorities may determine directly the district in which property will be benefited and the amount of the benefit, and erect a uniform standard for its apportionment therein. When a tax is to be assessed in proportion to benefits, the apportionment is a *quasi*-judicial proceeding in which, at some stage, the owner has the right to be heard upon the question of the amount to be assessed against his property, before a charge therefor finally attaches thereto for its payment, and to notice, not necessarily judicial in its character, but such as is appropriate to the nature and character of the proceeding, of his right to be so heard, nor need such notice be personal. The legislative

authority may prescribe what the manner of the notice shall be; and when the statute provides for such notice and hearing, its terms must be complied with in order to a valid assessment, and when the assessment is made in conformity with such requirements it is final, conclusive and binding. *Egyptian Levee Co. v. Hardin*, 27 Mo. 495; *Newby v. Platte County*, 25 Mo. 258; *Garrett v. City of St. Louis*, 25 Mo. 505; Cooley Const. Lim. 497, 505; Cooley on Tax. [2 Ed.] 637, sec. 5, *et seq.* and 653, sec. 6, *et seq.* and notes; *In re DePeyster*, 80 N. Y. 565; *In re Zborowski*, 68 N. Y. 88; *People v. Smith*, 21 N. Y. 595; *Pearson v. Zable*, 78 Ky. 170; *Holt v. City Council of Somerville*, 127 Mass. 408; *Reclamation District v. Evans*, 61 Cal. 104; *McMillen v. Anderson*, 95 U. S. 37; *Davidson v. New Orleans*, 96 U. S. 97; *Hagar v. Reclamation District*, 111 U. S. 701; *Kentucky Railroad Tax Cases*, 115 U. S. 321; *Spencer v. Merchant*, 125 U. S. 345; *Lent v. Tillson*, 72 Cal. 404; s. c. 19 A. & E. Corp. Cases, 640.

It will be observed that the charter and ordinances governing in this case make provision for the erection of a taxing district, the assessment of especial benefits upon the property within that district in the proportion that the property of each owner is especially benefited by the public improvement, and for the apportionment of such special benefit among the several owners of such property, by the assessment against each separate piece of land of such owners of a tax equal to its proportionate share of such especial benefit, and provides for appropriate notice to such owners of the creation of such district by the commissioners charged with that duty, of its metes and bounds, of the time when, and the place where, the commissioners, also charged with that duty, will proceed to make the assessment against the property in such district, and advising them of their right to be heard by the commissioners and by the circuit court, upon the question of the amount of such

assessment, and secures to them the right to be heard upon that question by the commissioners before the assessment is made, and by the circuit court upon exceptions thereto before it is made final and attaches as a lien upon the property assessed. By this legislation, the right of the citizen to be heard before a charge is fixed upon his property is amply and carefully guarded. It is not necessary that he should be made a party defendant by petition and summons in the condemnation proceedings. It is sufficient if he is made a party defendant to the tax-assessing branch of the proceeding, by the appropriate and characteristic notice usually given to the taxpayer, provided for in the charter and ordinances, and an assessment made in strict conformity to their requirements is a valid assessment.

And when the circuit court has taken final action upon the report of the commissioners, and the assembly has appropriated the money to pay the damages for the property taken, such assessment becomes final and conclusive upon the question of benefit to such taxpayers, and the amount of that benefit, the lien attaches to the property, and these questions cannot be again raised in any subsequent suit that the city may find it necessary to bring to enforce that lien in order to collect the tax assessed. The only question that can be raised in such a suit is, as to the validity of the assessment and levy. The law does not make the tax-bill evidence, and if the defendant questions the validity of the assessment, before the plaintiff can recover, it must be shown that the tax was assessed in the manner required by law. As we have seen, the defendant under the law is entitled to notice and an opportunity to be heard upon the question of the amount of benefits that ought to be charged against his property. If such notice has not been given, or a hearing has been denied him, the assessment is void. If there is no assessment, there is no tax, no cause of action, and that is the end of the case. The

plaintiff cannot in that suit create a cause of action by discarding the assessment of the commissioners, and, on the trial, showing that the defendant's property was in fact benefited by the improvement, and that it ought to be assessed therefor, and charged with the amount of such benefit, as was attempted to be done in the case in hand, for the petition herein does not aver the performance of many things required by the ordinance in order to effect a valid assessment, nor does it contain any general averment from which it can be inferred that they were done.

It is not charged in the petition, nor did the plaintiff undertake to show upon the trial, that a taxing district had been defined, that defendant's property sought to be charged was within it, that notice of its boundaries, or of the time when, and the place where the commissioners would meet for the purpose of making the apportionment was published as required by the ordinance. There was, therefore, no error in refusing to instruct the jury that on the pleadings and evidence the verdict should be for the plaintiff (there was no cause of action sufficiently stated or proven), and there was error in instructing the jury that the issue for them to determine was whether defendant's property was benefited by the improvement, and the amount of such benefit, if any. There was and could be no such issue in the case. And while, on the record, it cannot be said the judgment is for the wrong party, yet having been rendered upon an issue not legitimately in the case, it was a mistake, and as for aught that appears in the record there may have been a legal assessment, and as the whole of the damages have been apportioned and paid on the faith of the validity of such assessment, justice and right would seem to demand that the case should be remanded for a new trial, and that the plaintiff have permission to amend the petition, and to show, if such is the fact, that the assessment was made in accordance with requirements of the law.

It is accordingly so ordered, and so much of the opinion in the case of the *City of St. Louis v. Richeson, supra,* and in *City of St. Louis v. Ranken,* 95 Mo. 189, as is inconsistent with the conclusions herein reached, is overruled.   All concur, except RAY, J., absent.