SAXTON NATIONAL BANK v. CARSWELL *et al.,*
*Appellants.*

Division Two, January 21, 1895.

1. **Taxation:** "DUE PROCESS OF LAW:" CONSTITUTION.   The meaning of the term "due process of law" in matters of taxation, general and special, considered.

2. ——: ——: ——: CITY CHARTER.   Where a city charter (R. S. 1889, sec. 1407) provides that, in suits on special tax bills, the property owner may interpose in reduction of the bill "any mistake or error in the amount thereof, or that the work was not done in a good and workmanlike" manner, the constitutional guaranty of "due process of law" is afforded him.

*Appeal from Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Simmons, Keller & Castle* for appellants.

(1) The statute (city charter) under which the tax bill was issued was unconstitutional, because it provided for taking property without "due process of law." No hearing was provided for the taxpayer. *First.* A hearing is an essential element of due process of law. *Dunn v. Burleigh,* 62 Ky. 24; *Norman v. Heist,* 5 W. & S. 193; *Clark v. Mitchell,* 64 Mo. 564; *Campbell v. Dwiggins,* 83 Ind. 473; *Tyler v. State ex rel.,* 83 Ind. 565; *Stuart v. Palmer,* 74 N. Y. 183; *Gatch v. Des Moines,* 63 Iowa, 418; *Strosser v. Fort Wayne,* 100 Ind. 456; *Weimer v. Bunbury,* 30 Mich. 210; *People ex rel. v. Supervisors,* 74 N. Y. 234. *Second.* And applies to tax cases. *Spencer v. Merchant,* 125 U. S. 345; *Railroad cases,* 115 U. S. 321; *Palmer v. McMahon,* 133 U. S. 669; *Lent v. Tilson,* 72 Cal. 404; *Scott v. Toledo,* 36 Fed. Rep. 397; *Campbell v. Dwiggins,* 83 Ind. 473; *Tyler v. State ex rel.,* 83 Ind. 565; *Scott v. Brockett,* 89 Ind. 418. *Third.* And must be granted before assessment becomes final. *Scott v. Toledo,* 36 Fed. Rep. 397; *Norton v. Clark,* 49 N. Y. 243; *Overing v. Foote,* 65 N. Y. 269; *Bennett v. Buffalo,* 17 N. Y. 383; *St. Louis v. Richeson,* 76 Mo. 484; *St. Louis v. Ranken,* 96 Mo. 505; Cooley on Taxation, p. 572; *Hatson v. Woolbridge,* 16 Pac. Rep. 549; *Seibert v. Copp,* 62 Mo. 187; *Thomas v. Gain,* 35 Mich. 164. *Fourth.* A hearing in the suit to collect the tax bill is not sufficient. *St. Louis v. Ranken,* 96 Mo. 497; *St. Louis v. Brewing Co.,* 96 Mo. 677; *Michael v. St. Louis,* 112 Mo. 610. *Fifth.* No one but those specially authorized can make an assessment. The circuit court can not. *Taylor v. Secor,* 3 Cent. Law Jour. 340; *Heinze v. Levee Co.,* 19 Wall. 660; *State ex rel. v. Railroad,* 114 Mo. 1; *St. Louis v. Provenchere,* 92 Mo.

69; *Railroad v. Cass Co.*, 53 Mo. 17. *Sixth.* A hearing in legislative proceedings is not essential. *Spencer v. Merchant*, 125 U. S. 345; *St. Louis v. Ranken*, 96 Mo. 505. *Seventh.* Assessors act in a judicial capacity. *Palmer v. McMahon*, 133 U. S. 669; *Scott v. Toledo*, 36 Fed. Rep. 397; *St. Louis v. Ranken*, 96 Mo. 505; *Clark v. Norton*, 49 N. Y. 243. (2) The work must be substantially completed before the tax bill can issue. R. S. 1889, sec. 1406; 2 Dillon on Mun. Corp. [4 Ed.], sec. 811; *St. Joseph v. Anthony*, 30 Mo. 537; *City to use v. Clemens*, 49 Mo. 552; *Kiley v. Cranor*, 51 Mo. 541; *Sheehan v. Owen*, 82 Mo. 458; *Cole v. Skrainka*, 105 Mo. 303; *Independence v. Gates*, 110 Mo. 374; *Meyer v. Wright*, 19 Mo. App. 283; *Bank v. Payne*, 31 Mo. App. 512; *Mfg. Co. v. Hamilton*, 51 Mo. App. 120; *Henderson v. Lambert*, 14 Bush (Ky.), 24.

*Vories & Vories* and *Ben. J. Woodson* for respondent.

(1) The same law that makes a tax bill for grading a lien upon the adjoining property, provides for a taxpayer's "day in court" as follows: "Provided, that nothing in the section shall be so construed as to prevent any defendant from pleading in reduction of the bill, any mistake or error in the amount thereof, or that the work therein mentioned is not done in a good and workmanlike manner." R. S. 1889, sec. 1407. (2) The taxpayer must have legal notice of the suit on tax bill, the same as notice of any other suit, and has the same right to come in and defend the same, after having said notice. And it is not necessary that he shall have notice before original assessment, if the law provides a manner of contesting assessment after it has been made. This is "due process of law" within the meaning of the constitution of Missouri. *St. Louis v.*

*Richeson*, 76 Mo. 470; *City of Kansas v. Huling*, 87 Mo. 203; *St. Louis v. Ranken*, 96 Mo. 497; *St. Louis v. Brewing Co.*, 96 Mo. 677; *Hagar v. Reclamation District*, 111 U. S. 701; *Lent v. Tilson*, 140 U. S. 316; *Poulson v. Portland*, 149 U. S. 30. (3) The leading case deciding that a hearing provided the taxpayer, either before or after assessment is made, but before final judgment, satisfies the constitution regarding "due process of law." *Hagar v. Reclamation District*, 111 U. S. 701; citing and reviewing a cloud of authorities. (4) Appellants contend here that the work was not completed. This court will not notice any point, unless it is saved in the exceptions. 2 McQuillan's Pleading and Practice, secs. 2064, 2065; *Ferneau v. Whitford*, 39 Mo. App. 311. (5) The circuit court having seen the witnesses and passed on the evidence on this point, this court will not review the evidence nor reverse the case on the weight of the evidence. *O'Connell v. Railroad*, 106 Mo. 482; *Anderson v. Griffith*, 86 Mo. 549; 2 McQuillan's Pleading and Practice, secs. 2077, 2080, and cases cited.

GANTT, P. J.—This appeal is from a judgment of the circuit court of Buchanan county enforcing a special tax bill against the property of Mrs. Carswell abutting on Chestnut street, in the city of St. Joseph, under an ordinance establishing the grade of said street.

St. Joseph is a city of the second class, and its charter is contained in the Revised Statutes of 1889, volume 1, chapter 30, article 3, page 359. The provisions of the charter prescribing the power and the mode of procedure in grading its streets and levying the cost thereof are contained in sections 1403, 1404, 1405, 1406 and 1407, Revised Statutes, 1889.

The common council is invested with the power to

cause to be graded, constructed, reconstructed, paved or otherwise improved and repaired, all streets, alleys and highways in said city, at the expense of the property holders owning the property fronting on such street. The cost of all work on streets, avenues, and highways shall be charged as a special tax on the lands on both sides of, and adjoining, such street. The city is required to make a contract for grading a street. After the contract is let, the council is required by ordinance to cause an assessment of all the abutting property on both sides of the street, exclusive of the improvements thereon, to be made by the city assessor and this assessment, when completed, is delivered to the city engineer, and when the grading is completed, the engineer is required to compute the cost thereof and apportion it among the several lots or tracts charged with the cost thereof, according to the value thereof fixed by the assessor. Having apportioned to each lot or tract its share of the cost, the city engineer is required to make out and certify tax bills in favor of the contractor who did the work against each lot or tract.

By section 1407 such tax bills are made liens on the lots against which they are issued, for a period of two years, but no longer, unless suit is brought thereon. Such tax bills are assignable. The tax bill is made *prima facie* evidence of the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill. But the statute further provides "that nothing in this statute shall be so construed as to prevent any defendant from pleading, in reduction of the bill, any mistake or error in the amount thereof, or that the work therein mentioned is not done in a good and workmanlike manner; *and provided, further*, that, if any party shall set up by way

of defense that the work was not done in a workman-like manner, according to the class of work mentioned in the contract and that such party, before the commencement of the suit, tendered to the contractor or other holder of the bill the full value of the work done, and shall establish the same on the trial, the recovery shall only be for the amount so tendered, and judgment for cost shall be rendered against the plaintiff.''

In this case Glynn was the contractor and plaintiff is the assignee of the tax bill against defendants' lot. The appeal is brought to this court because in the circuit court defendants insisted that the statute under which the tax bill was issued was in contravention of the state and federal constitutions in that it sought to take defendants' property without due process of law, in that it sought to create a lien on his property and compel him to pay a local assessment without an opportunity to be heard on the matter. An elaborate brief has been filed in behalf of the defendants to establish the proposition that the charter of cities of the second class is unconstitutional in that it subjects defendants' lot to a lien for the *pro rata* cost of grading Chestnut street without according them a hearing.

The constitutionality of these provisions in so far as they pertained to the cost of sidewalks was affirmed by a unanimous court in *City of Kansas v. Huling*, 87 Mo. 203, but defendants attempt to distinguish that case from this because they say ''the tax bill was for actual cost of repairing sidewalks in front of defendants' premises and no assessment or apportionment of any kind was made or needed.'' But, in either case, the lot owner is called upon to pay for a local assessment for maintaining an abutting highway; in either case it is constructed by a third person and its cost estimated and a special tax bill issued without an

opportunity to him of a hearing as to its reasonableness or correctness until he is sued, when he is allowed to make the same defense. Can it make any difference in principle that in the matter of the sidewalk the bill is for the cost of constructing his sidewalk and he is chargeable with the actual cost or *quantum meruit* as estimated by the contractor, whereas, in the grading, the whole street is brought to grade under a contract and he is charged with his proportion of the whole as estimated by the assessor and engineer?

After all, this controversy is narrowed to the one proposition that a hearing in the suit to enforce the tax bill as a lien is not sufficient. All the other points under this head are conceded by the plaintiff. If defendants are right in their contention, it matters not how much latitude is given them in defending such an action, the statute is void because they were not accorded a hearing, after notice, upon the assessment before suit was brought.

Courts no longer attempt to define in a few words what is meant by "due process of law," or its synonym, "the law of the land," but are disposed, in the words of Judge MILLER in *Davidson v. New Orleans*, 96 U. S. 97, to ascertain "the intent and application of such an important phrase in the federal constitution, by the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require, with the reasoning on which such decisions may be founded."

Statutes and ordinances have been subjected, again and again, to the test of this provision of the constitution of the United States and of Missouri, and the result has been that the supreme court of the United States has laid down this proposition: "That whenever by the laws of a state, or by state authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole

state or of some more limited portion of the community, and those laws that provide for a mode of confirming or contesting the charge thus imposed, in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceedings can not be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections." *Davidson v. New Orleans*, 96 U. S. 97.

And the same court, in *Hagar v. Reclamation District*, 111 U. S. 701, in discussing the identical question now under consideration, in an elaborate opinion by Judge FIELD, said: "But, where a tax is levied on property not specifically, but according to its value, to be ascertained by assessors appointed for that purpose upon such evidence as they may obtain, a different principle comes in. The officers, in estimating the value, act judicially; and in most of the states provision is made for the correction of errors committed by them, through boards of revision or equalization, sitting at designated periods provided by law to hear complaints respecting the justice of the assessments. The law in prescribing the time when such complaints will be heard, gives all the notice required.   *   *   * In some states, instead of a board of revision or equalization, *the assessment may be revised by proceedings in the courts* and be there corrected if erroneous, or set aside if invalid; *or, objections to the validity or amount of the assessment may be taken when the attempt is made to enforce it.* In such cases all the opportunity is given to the taxpayer to be heard respecting the assessment which can be deemed essential to render the proceedings "due process of law."

The method first described, to wit, a hearing before the assessment, is exemplified in the St. Louis charter

referred to in *St. Louis v. Ranken*, 96 Mo. 497, and the other plan, which affords an opportunity to reduce the assessment in the action of the tax bill, was approved in *City of Kansas v. Huling*, 87 Mo. 203, and *St. Louis v. Richeson*, 76 Mo. 470.

The cases of *St. Louis v. Ranken*, 96 Mo. 497, *St. Louis v. Brewing Co.*, 96 Mo. 677, and *Michael v. St. Louis*, 112 Mo. 610, cited by appellant, only hold that when notice and opportunity for hearing is granted in a statutory proceeding, the party must avail himself of it there and can not raise the questions therein settled in any subsequent suit. As already said, the ordinances under consideration in those cases provided for a hearing before the assessment was made, and do not fall in the class now being considered.

If the charter provides for a hearing before the tax bill can be enforced against defendants' lot, we think it is constitutional. Does the proviso in section 1407 secure to defendants this right?

We think it will not be seriously questioned that it was entirely competent for the legislature to create the tax district, that is to say, it had the power to impose on the abutting property owners the burden of the grading of the street, and this it has done by the charter, and it was competent for the legislature to empower the city to make the contract for grading. No notice was required to be given defendants of the passage of the ordinance or letting the contract. All that was left, then, which could affect defendants' rights was the assessment of the land on both sides of the street and an apportionment of the cost to her lot of her share. Before her lot could be taken or sold, the statute required she should be sued in a court of competent jurisdiction, and all the defendants were duly notified as provided by law.

When the statute is carefully considered it will be observed that it nowhere denies the property owner any defense that is available to any other defendant in a court of general jurisdiction, but, as if to anticipate the claim that, he was precluded from denying the correctness of the action of the assessor or engineer, it is expressly provided that in such action he may "plead in reduction of the bill any mistake or error in the amount thereof or that the work was not done in good and workmanlike manner."

There is then afforded him every guarantee of the constitution. The only defense to this action is the unconstitutionality or the charter provisions of cities of the second class and not the amount or correctness of the tax bill, and there was no error in holding the law valid.

A second point is made in the brief that the work was not completed, but the engineer and assistant both testified it was completed according to contract, and the circuit court so found. The judgment is affirmed. All of this division concur.