## A. P. NICHOLS, Appellant, v. KANSAS CITY and ED. MEEGAN.

### In Banc, February 9, 1922.

1. **STREET IMPROVEMENT: Excessive Assessment.** The Charter of Kansas City fixes the district to be charged with the cost of street grading, and requires the apportionment of the cost according to the value of the respective tracts embraced within the district; and where proceedings were not unreasonable or arbitrary as a whole, and no claim is made that the lots abutting on the street improved was valued inequitably in comparison with other lands in the assessment district, the amount of benefit assessed against each particular lot is not a judicial question, but a legislative act, which the courts have no authority to review; and though the evidence shows that the value of the lots prior to the assessment was only slightly in excess of the assessment, and their value after the improvement was only slightly more than their value prior to the assessment, a court of equity cannot cancel the tax bills.

2. ———: ———: **Due Process of Law: No Hearing.** The apportionment of the cost of a street improvement against the various tracts of land in the benefit district being a legislative act, the owner of lots abutting on the street improved, which seem to be excessively assessed, is not, because the city charter makes no provision for a hearing before the officer making the assessment, denied due process of law by the refusal of a court of equity to cancel the tax bills, since the fairness of the valuation can be raised in a suit on them.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

AFFIRMED.

*Marley & Reed* for appellant.

The court erred in refusing the appellant equitable relief as prayed for and in dismissing the appellant's bill. (a)  Because the court must draw from the evidence

every inference favorable to the appellant and accept the evidence of the appellant as true. Healy v. Simpson, 113 Mo. 345; Bank v. Simpson, 152 Mo. 656. (b) While under the rules laid down by the Supreme Court of the United States and this court, the appellant had to overcome the presumption of equivalent of assessment to the benefit, yet the evidence in this case destroyed that presumption, and under the rule laid down by the Supreme Court of the United States and this court, the appellant was entitled to equitable relief prayed for. Norwood v. Baker, 172 U. S. 228; French v. Barber Pav. Co., 181 U. S. 344; Wight v. Davidson, 181 U. S. 385; Towanda v. Lyon, 181 U. S. 391; Goodrich v. Detroit, 184 U. S. 440; Hibbin v. Smith, 191 U. S. 325; Londoner v. Denver, 210 U. S. 385; Martin v. Dist. of Columbia, 205 U. S. 139; Withnell v. Ruecking Con. Co., 249 U. S. 63; Wagner v. Lesser, 239 U. S. 207.

*E. M. Harber,* City Counselor, and *J. C. Petherbridge,* Assistant City Counselor, for respondent Kansas City.

(1) In the case here, the benefit or taxing district for the payment of the work of grading the street under consideration and the manner of levying and assessing the special tax-bills in payment of the work, is fixed by the Kansas City Charter, duly adopted by the people of Kansas City. The district so fixed and the manner of issuing the bills has been used for many years in like cases. If the proceeding in this case were regular and the tax-bills issued in conformity with the Charter of Kansas City, as conceded by appellant's counsel, then they are conclusive against him. Land & Imp. Co. v. St. Louis, 257 Mo. 301; McGhee v. Walsh, 249 Mo. 284. (2) Whether or not the property of appellant and all the property in the district will be benefited by the improvement is a legislative and not a judicial question. The Kansas City charter provides, and the municipal legislature adjudged, that all such property would be benefited

thereby when it authorized this improvement. There being no fraud or oppression of the Common Council in passing the ordinances (and none is charged), the charter provisions relating to such matters and the judgment of the Common Council authorizing the improvement, is conclusive, and not subject to review by the courts. Prior v. Const. Co., 170 Mo. 451; Heman v. Allen, 156 Mo. 543.

*Clarence S. Palmer* for respondent Ed Meegan.

(1)   The charter of Kansas City fixes the district to be charged with the cost of street grading and requires the apportionment of the cost in proportion to the valuation of the respective tracts within the district. There is no complaint that the proceeding was unreasonable or arbitrary as a whole, and no claim that appellant's land was valued inequitably in comparison with other land in the assessment district. Under such conditions the question of the amount of benefits to a particular lot is not a judicial question. Sec. 3, Art. VIII, Kansas City Charter; Moberly v. Hogan, 131 Mo. 23; St. Louis v. Ranken, 96 Mo. 505; Heman v. Schulte, 166 Mo. 414. (2)   The rule of law, and the decisions of this court sustaining the same, constitute no violation of the "due process of law" provisions of the Constitution of the United States. Such procedure in taxation cases is due process of law. L. & N. Ry. Co. v. Barber Pav. Co., 197 U. S. 433; Houck v. Little River Drain. Dist., 239 U. S. 264; Wagner v. L more, 239 U. S. 217; Mt. St. Mary's Cem. Assn. v. M lins, 248 U. S. 501. (3)   The apportionment of benefits according to value of the tracts of land in the taxing district is valid. No hearing before the officer making the assessment of value is necessary when the fairness of the valuation can be raised in a suit on the tax bills. Meier v. St. Louis, 180 Mo. 408; Webster v. Fargo, 181 U. S. 394; French v. Barber Pav. Co., 181 U. S. 344; Embree v. K. C. Road Dist., 257 Mo. 615, 240 U. S. 251; Goodrich v. Detroit, 184 U. S. 438.

WOODSON, J.—The plaintiff filed this bill in equity seeking to set aside and cancel certain tax-bills issued by Kansas City, Missouri, in favor of Ed Meegan, the contractor, against the plaintiff's property, for certain street improvements, which property is adjacent to the street improved. The decree of the trial court was for the defendants, and the plaintiff duly appealed the cause to this court.

There is no question raised as to the sufficiency of the pleadings, so we shall put them aside, and pay no further attention to them.

The real legal proposition presented in this case for determination is fully and fairly presented in the statement of the case by counsel for the plaintiff, which is substantially as follows:

· This is an appeal from the action of the Circuit Court of Jackson County, Missouri, in dismissing the bill for equitable relief brought by the appellant, A. P. Nichols, against Kansas City and Ed Meegan, respondents, both of whom filed separate answers generally denying.

The bill alleged and the evidence showed the following facts, to-wit:

That the appellant, A. P. Nichols, was at the time of the improvement hereinafter shown and the issuance of tax-bills as hereinafter shown, the owner of Lots, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, and 16 in Blue Ridge Gateway, an addition in Kansas City, Missouri; that at the time of such improvement and the issuance of said tax-bills, Lots 1 to 10, inclusive, were each of the reasonable market value of $170, or of an aggregate market value of $1700, and that Lots 11, 12 and 13 were each of the reasonable market value of $200, or of an aggregate market value of $600. That Lot 15 was of the reasonable market value of $80, and that Lot 16 was of the reasonable market value of $1000, making an aggregate total market value of all of said lots of $3380.

That Kansas City, by and through the procedure provided by its charter and pursuant to the provision of

the charter, provided for the grading of 50th Street in said city from Swope Parkway Boulevard to Lister Avenue, and issued for the payment of such improvement special tax-bills, as was provided by the charter of the city. That said charter makes no provisions for any notice to any property owners of intention to assess special benefits against the abutting property and no provision is made in said charter for any opportunity whatever to abutting-property owners to be heard as to the amount of the special assessment for public improvements levied against the abutting property of such owner.

There is no question about the city and contractor proceeding in conformity with the provisions of such charter, in the awarding of the contract and the doing of such work. The work was done and after the completion of said improvement, Kansas City issued special tax-bills to the defendant, Ed. Meegan, for the following amounts: Against each of Lots 1 to 10, inclusive, an assessment of $116.86, or an aggregate assessment of $1168.60; against each of Lots 12, 13 and 14 an assessment of $137,48, or an aggregate assessment of $412.44; against Lot 15 an assessment of $54.99; against Lot 16 an assessment of $687.42, or special assessments of such work against all of said lots in the aggregate sum of $2323.45.

The evidence showed that the actual value of said lots after the completion of the said work and after the issuance of said tax-bills was as follows:

As to each of Lots 1 to 10, inclusive, $178.50, or an actual benefit of $8.50 to each of said lots, and making an aggregate value of the said lots, after the completion of said work and the issuance of said tax-bills, of $1785, and an actual aggregate benefit to said Lots 1 to 10, inclusive, of $85; as to each of Lots 11, 12, and 13, $210, or an actual benefit to each of said lots of $10, or an aggregate value of such actual benefit of $30; as to Lot 15, $84, and the actual benefit to said lot was $4; as to Lot 16, $1050, and the actual benefit to said lot was $50, making a total value of all of said lots, including the increased value because of said improvements, $3549.

Dealing in the aggregate amounts we have the following results: Value of all of the said lots prior to improvements, $3380; value of said lots after the completion of the improvement and issuance of said tax-bills, $3549; the aggregate actual benefits to said lots, $169, and the aggregate assessments of purported benefit to said lots, $2323.45, leaving the purported benefits assessed in excess of the actual benefits in the sum of $2254.45.

The defendant, Kansas City, did not appear at the trial.

The appellant relying upon the proposition that, under the decisions in the cases of Norwood v. Baker, and French v. Barber Asphalt Paving Company, and subsequent decisions by the United States Supreme Court, as hereinafter shown, in the argument, he had a right to invoke the aid of a court of chancery to compel the defendant to accept from the plaintiff payment of the actual substantial benefits sustained by the plaintiff to his said property by reason of the said improvement, and to relieve the plaintiff of that part of the assessments in excess of such actual substantial benefits, and to cancel the liens of such assessment as clouds upon the plaintiff's title in and to his property.

After the plaintiff rested, the defendants introduced no evidence, but Ed Meegan demurred to the evidence upon the ground "that the evidence did not sustain the cause of action," and stood on the demurrer. The court thereupon took the case under advisement and on the 10th day of September, 1918, entered an order and decree dismissing the plaintiff's bill, with the usual provisions as to costs and for execution therefor.

In due course, the plaintiff, appellant here, filed his motion for new trial, which was subsequently overruled, and in due time filed his affidavit for appeal, and all of the steps essential to bring this cause to this court were taken.

I.  This case presents the old, old contention that a city of this class cannot make a legal legislative assessment of private property abutting upon a street of the

city for grading the street in front thereof, in excess of the actual benefits done to the property by the improvements, as shown by the evidence of expert witnesses.

The Charter of Kansas City fixes the district to be charged with the cost of street grading, and requires the apportionment of the cost in proportion to the valuation of the respective tracts embarced within the district. [Sec. 3, Art. VIII, Kansas City Charter.]

There is no contention in this case that tax proceedings were unreasonable or arbitrary as a whole, and no claim is made that the appellant's land was valued inequitably in comparison with other lands in the assessment district. Under those conditions the question of the amount of benefits to a particular lot is not a judicial, but a legislative question, which the courts have no authority to review. [Moberly v. Hogan, 131 Mo. 19, 1. c. 23; City of St. Louis v. Ranken, 96 Mo. 479, 1. c. 505; Heman v. Schulte, 166 Mo. 409, 1. c. 414; West v. Burke, 228 S. W. 775.]

II. The law as announced in paragraph one of this opinion does not infringe upon the "due process of law" provisions of the State or Federal constitutions. [L. & N. Ry. Co. v. Barber Asphalt Co., 197 U. S. 430, 433; Houck v. Little R. Drainage Dist., 239 U. S. 254, 264; Mt. St. Mary's Cem. Assn. v. Mullins, 248 U. S. 501.]

And as stated by counsel for appellant in their brief: "The apportionment of benefits according to value of the tracts of land in the taxing district is valid. No hearing before the officer making the assessment of value is necessary when the fairness of the valuation can be raised in a suit on the tax-bills." [Meier v. St. Louis, 180 Mo. 391, 408; Webster v. Fargo, 181 U. S. 394.] Finding no error in the record, the judgment of the circuit court is affirmed. All concur.