DOUGHTY *vs.* HOPE.

Where property is taken under a statute authority, without the consent of the owner, the power must be strictly followed; and if any material link is wanting, the whole proceeding is void.

Where three persons were authorized to estimate the expense of a public improvement in the city of New York, and to assess the same upon the owners and occupants benefitted, and one of the three persons was not consulted and did not act in making such estimate and assessment; *held*, that the proceeding was void, and that no title could be deduced through a sale made for the non-payment of such assessment.

Where an assessment is signed by two of the persons so authorized, it seems the legal presumption is, that the third was present and acted in the business; but it may nevertheless be shewn that he was not consulted and did not act.

One of the assessors who signed the certificate, is a competent witness to prove that the third assessor was not consulted.

The ratification by the Common Council of the city of New York, of a void assessment, does not aid the proceeding. To make out a title there must be a valid assessment duly ratified.

A request for instruction to a jury should rest upon undisputed facts or a hypothetical case; and if the proposition which the party submits be not right in all its parts, both as to fact and law, the Judge may refuse to give the instruction asked for, and need not qualify such refusal by pointing out the good and the bad parts of the proposition.

The publication of the redemption notice required by *Stat.* 1816, *p.* 114, § 2, *as amended by Stat.* 1840, *p.* 274, § 10, after a sale for a tax or assessment, must be fully completed before the commencement of the last six months of the two years succeeding the sale, and an omission in this respect will invalidate the purchaser's title.

Where the redemption notice is not published according to law, a regular notice served after the execution of the lease given upon the sale, pursuant to *Stat.* 1841, *p.* 211, § 3, and the certificate by the Street Commissioner, required by § 7 of the same act, do not confirm the title.

The statute which declares that the lease given upon a sale for taxes or assessments in the city of New York, "shall be conclusive evidence that the sale was regular," &c. (*Stat.* 1816, *p.* 115, § 2,) refers only to the *notice of sale* and the proceedings *at the auction.*

On error from the Supreme Court. Doughty brought ejectment against Hope to recover possession of a house and lot, situated in the 12th ward of the city of New York. The cause was first tried before Edmonds, Circuit Judge in May, 1845, when a verdict was had for the defendant. The Supreme

Court, on bill of exceptions, set aside the verdict and granted a new trial. (See 3 *Denio*, 249.) The cause was tried again before the same Circuit Judge, at the New York Circuit, in October, 1846, and on this trial the case was as follows :

The plaintiff claimed to recover under a lease from the corporation of the city of New York, conveying to him a term of 800 years, on a sale for the non-payment of an assessment for setting the curb and gutter stones in 125th street, between the 3rd and 4th avenues. The defendant claimed under the owner in fee, against whom the assessment was made. The ordinance for setting the curb and gutter stones was passed in April 1836, and by the same ordinance Messrs. Warner, Gaines, and Secor, were appointed to make an estimate of the expense of carrying into effect the ordinance, and a just and equitable assessment thereof among the owners: or occupants of all the houses and lots intended to be benefitted thereby. The three persons thus appointed took the oath required by law. The estimate and assessment were made and returned in September 1837, but the return was signed by only two of the assessors, Warner and Gaines. Warner who was called by the plaintiff as a witness to prove the assessment, on his cross examination gave some evidence tending to show that Secor, the other assessor did not act, and was not consulted in regard to it. The assessment was confirmed by the Common Council on the 4th of April 1838, and such further proceedings were had, that the premises in question were sold for the non-payment of the assessment on the 20th of June, 1840, and the plaintiff became the purchaser for the term of 800 years. In pursuance of this sale, the grant or lease under which the plaintiff claimed, was executed on the 20th of June, 1842. The lease was introduced in evidence by the plaintiff, which recited the proceedings prior to the sale, and that no redemption had been made within two years from the time of the sale.

The plaintiff also proved that the notice to redeem the premises required by law, (*Stat. of* 1816, *p.* 114, *as amended by the act of* 1840, *p.* 274, § 10,) was published in the Evening

Post twice a week for six weeks successively, *commencing on the* 13*th of December*, 1841, *and ending January* 21, 1842. He further proved that after the execution of the lease the further notice required by the act of 1841, (*Laws of* 1841, *p*. 211, § 3,) in order to render the sale absolute, was duly served; and that on the 31st of July, 1843, the Street Commissioner gave to him a certificate in due form pursuant to the 7th section of the statute last cited, stating that the premises had not been redeemed, and that such notice had been duly served.

The evidence being closed, the plaintiff's counsel insisted, 1st, that the confirmation of the assessment by the Common Council was binding and conclusive, whatever irregularity might have occurred in making such assessment. The Circuit Judge held otherwise, and the plaintiff excepted. 2. That it appearing in the evidence (as the counsel claimed) that all the assessors had taken the oath, and adopted the principle of making the assessment, and were all in the Street Commissioner's office when it was made, it was to be presumed that Secor, who did not sign the report, met and consulted with those who did sign it, and that such presumption could not be rebutted by any impression or non-recollection of the witness Warner; also that Secor alone could prove that he did not act with the others, and as his absence was unaccounted for, no secondary evidence could go to the jury. The Judge ruled that the legal presumption was, as claimed, that all the assessors acted, although only two signed the report, but he refused to charge any thing else contained in this proposition, and left it to the jury to find, upon the evidence of Warner, whether all the assessors were consulted and acted; and in case the jury should find that one of them had nothing to do with making the assessment, then he charged that such assessment was invalid. The plaintiff excepted. 3. That the redemption notice was sufficiently published provided such publication ended at any time before the expiration of two years from the time of sale, or if not so, that the statutes on this subject were *directory* merely. The Judge declined so to hold, and

11

charged that such publication must end and be complete before the commencement of the last six months of the two years succeeding the sale, and that if the notice was not so published, it was a fatal defect in the plaintiff's title. The plaintiff excepted. 4. That the Street Commissioner's certificate, given pursuant to the act of 1841, was conclusive, and therefore that the defendant could not avail himself of any defect in the publication of the redemption notice. The Judge refused so to charge, and the plaintiff excepted. 5. That the lease was, by the act of 1816, conclusive evidence of the regularity of the sale, and therefore the defendant could not avail himself of any defect in the publication of the redemption notice. The Judge refused so to charge, and the plaintiff excepted. The jury found a verdict for the defendant. The plaintiff moved the Supreme Court for a new trial upon a bill of exceptions, presenting the above questions. The motion was denied, and judgment rendered for the defendant.

*A. Thompson,* for plaintiff in error.

*R. Mott* for defendant in error.

After deliberation, the Court (GARDINER, J. dissenting) affirmed the judgment of the Supreme Court, for the same reasons, substantially, which were assigned by that Court in rendering its judgment. (*See* 3 *Denio* 598.)