In the Matter of the Petition of John Watts De-Peyster to Vacate an Assessment.

The power given by the New York city charter of 1870 (chap. 137, Laws of 1870), to the department of public works, to order the construction of sewers, and to carry on the work, was not divested by the charter of 1873 (chap. 335, Laws of 1873.)

An assessment for the expenses of constructing a sewer is not invalid, because of omission to give to the owner of lots assessed, a personal notice that an assessment is to be imposed. The Legislature may prescribe what the notice shall be, and where provision has been made for notice, before the completion of the assessment, by publication for objections to be presented within a time specified, and this has been complied with it is sufficient.

*Stuart* v. *Palmer*.(74 N. Y., 183), distinguished.

(Argued March 9, 1880; decided April 6, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion to vacate an assessment upon premises of the petitioner in the city of New York, for the expenses of constructing a sewer. (Mem. of decision below, 18 Hun, 445.)

The sewer was constructed by the commissioner of public works in 1875. The assessment was sought to be vacated on the grounds that the construction of the sewer was not authorized by the corporation, or by resolution or ordinance of the common council of said city, and that no notice was given to the petitioner.

*Elliot Sanford*, for appellant. After the charter of 1870, and up to the enactment of the charter of 1873 (chap. 335), the power was vested solely in the commissioner of public works, and he had exclusive power to build sewers as he thought fit. (*In re Zborowski*, 68 N. Y., 88.) The power to direct the construction of a sewer is beyond question a legislative power, and was within the general scope of the power contained in section two of the charter of 1857, and also of 1870 and 1873, which are identical. (*Moore* v. *Mayor*, 73 N. Y., 243; *McAvoy* v. *Mayor*, 54 How., 247; *Wiggin* v. *Mayor*, 9 Paige, 16, 23; 68 N. Y., 101.) The commissioner of public works has no original power to direct that a street should be regulated or paved without authority from the governing body of the corporation. The effect of the charter of 1873 has been to place sewers on the same basis. (*Altemus* v. *Mayor*, 6 Duer, 446, 456; *Bonesteel* v. *Mayor*, 22 N. Y., 162–167; *People* v. *Croton Board*, 26 Barb., 250, 251; *Smith* v. *Mayor*, 4 Sandf., 221; *Ellis* v. *Mayor*, 1 Daly, 102; *Briggs* v. *Mayor*, 2 id., 304; *McSpedon* v. *Mayor*, 15 How., 426–428; *People* v. *Flagg*, 16 Barb., 503; *Christopher* v. *Mayor*, 13 id., 567–569; 17 N. Y., 453.) By the Montgomerie charter the power to build sewers was lodged with and exercised by the common council. Such grant, being in the interest of the public, will not

be deemed revoked by implication or inference. (*In re Dugro*, 50 N. Y., 513.) Ordinances enacted under the laws of the State, have the same force as if passed by the Legislature. (5 Abb., 422; 5 Cow., 538, 540.) The petitioner was entitled to a notice of the levying of the assessment. (9 How., 71; 18 N. Y., 215; 68 id., 98; 58 id., 85; 65 id., 269; *Tone* v. *Mayor*, 70 id., 165; *Stuart* v. *Palmer*, 74 id., 183, 190, 192; *Rathburn* v. *Acker*, 18 Barb., 393; *McDermott* v. *Board of Police*, 25 id., 635, 648.) In every proceeding affecting the property of individuals, the owners thereof are entitled to an opportunity to be heard and notice of the proceeding although not directed by the statute under which the proceedings are had. (*Vantilburg* v. *Shann*, 4 4 Zab., 740 ; *State* v. *Jersey City*, id., 662, 666, and cases cited; *State* v. *Hudson Co.*, id. 718; *Hess* v. *Coles*, id., 124; *Young* v. *Hardiston*, 2 Green, 520; *N. J. Turnpike Co.* v. *Hill*, 2 Harr., 337; *State* v. *Newark*, 1 Dutch., 411, 412 ; *State* v. *Morristown*, 5 Vroom., 445; *State* v. *Plainfield*, 9 id., 97 ; *Tewksbury* v. *Washington*, 1 Hal., 177 ; *People* v. *Goldtree*, 44 Cal., 23 ; *Parsons* v. *Russell*, 11 Mich., 113; *Ames* v. *Port Huron*, 11 id., 139; *City Council* v. *Pinckney*, 3 Brev., 217; 2 Brev. [new ed.], 334; *Davidson* v. *New Orleans*, 95 Otto, 97 ; Cooley on Taxation, 266; 70 N. Y., 237; 1 Barb., 286.) There is no presumption of the performance of official duty in giving any notice on the part of those authorized to make the preliminary assessment, or to confirm it when made. (*Jewell* v. *Van Steenburg*, 58 N. Y., 91, 93.) The errors complained of are substantial and sufficient under chapter 312, Laws of 1874, to entitle the petitioner to an order vacating the assessment. (*Matter of Cram*, 69 N. Y., 452; *Matter of Savings Bank*, 75 id., 388.) The levying of an assessment is a judicial act, and assessors are judicial officers. (48 N. Y., 518; 74 id., 184; *Peoria* v. *Kidder*, 26 Ill., 351; *Rex* v. *Lloyd*, Cald., 309; *People* v. *Livingston Co.*, 43 Barb., 532; *People* v. *Brooklyn*, 9 id., 535 ; *State* v. *Newark*, 1 Dutch., 399, 412 ; *Leroy* v. *The Mayor*, 20 J. R., 416; *Parks* v. *Boston*, 8 Pick., 225; *People* v. *Assessors*, 39 N. Y., 88.)

*Francis Lynde Stetson*, for respondent. Under the charter of 1870 (chap. 137, Laws of 1870) the power to initiate and to construct sewers was to be exercised by the department of public works, and there was no necessity for an ordinance of the common council to carry that power into effect. (*Matter of Zborowski*, 68 N. Y., 88, 93.) The department of public works, as created by the charter of 1870, was preserved by the charter of 1873 (chap. 335, Laws of 1873), and the power to initiate and construct sewers was thereby continued in that department. (Valentine's Laws, 228, § 16; chap. 61 Laws of 1787; Valentine's Laws, 1181, § 4; chap. 86, Laws of 1813, § 175; chap. 381, Laws of 1865; chap. 137, Laws of 1870.) There is no force in the petitioner's claim that he had no notice that an assessment was about to be imposed on his property. (*In re Hebrew Benevolent Orphan Asylum*, 70 N. Y., 476; *In re Second Avenue Baptist Church*, 70 id., 613; *In re Bassford*, 50 id., 512; *In re Williamson*, 3 Hun, 65–68; *Bigelow* v. *City of Boston*, 120 Mass., 326; *Jordan Ditch. and Drain. Asso.* v. *Wagoner*, 33 Ind., 50; *Owners of Ground* v. *Mayor, etc., of Albany*, 15 Wend., 374–376; *Stuart* v. *Palmer*, 74 N. Y., 183–188; *In re Empire City Bank*, 18 id., 199–217; *Campbell* v. *Evans*, 45 id., 356–361; *Happy* v. *Mosher*, 48 id., 313–318; *Tracy* v. *Corse*, 58 id., 143–152; *Matter of N. Y. El. R. R. Co.*, 70 id., 327–357.) There is no force in the petitioner's claim that he had no opportunity to be heard. (Chap. 171, Laws of 1841; chap. 580, Laws of 1872, § 6; chap. 312, Laws of 1874, § 1; *Stuart* v. *Palmer*, 74 N. Y., 183.) A tax or assessment may be laid without first affording the party assessed a hearing, in the judicial sense of that term. (*People* v. *Mayor of Brooklyn*, 4 N. Y., 419 ; Van Schaack's L., 8, 9; 2 Jones & Var., 152; 1 Green, 443; 3 Greenl., 58, 244, 249, 333, 334; 2 K. & R., 130; 2 R. L., 407; *Murray's Lessee et al.* v. *Hoboken Land and Improve. Co.*, 18 How. [U. S.], 272, 276, 277, 280; *Taylor* v. *Porter*, 4 Hill, 140; *Harris* v. *Wood*, 6 Monroe, 642, 643; *State* v. *Allen*, 2 McCord, 56; *High* v. *Shoemaker*, 22 Cal., 363; *Rockwell* v. *Nearing*, 35

N. Y., 308; *Stuart* v. *Palmer*, 74 id., 183–194; Cooley on Taxation, 33, 36, 266; *Matter of Trustees N. Y. P. E. Pub. School*, 31 N. Y., 574, 579, 583, 584; *Weimer* v. *Bunbury*, 30 Mich., 201, 210, 212; *Willard* v. *Witherbee*, 4 N. H., 118–127.) Assessors do not act under the rules and limitations, nor in virtue of the authority conferred upon judicial officers in the constitutional distribution of the powers of government. They belong to the legislative or administrative branch. (*Rochester White Lead Co.* v. *City of Rochester*, 3 Comst., 463–465; *Mills* v. *City of Brooklyn*, 32 N. Y., 489, 497; 53 id., 49; 65 id., 222–226; *In re Zborowski*, 68 id., 88–97; *Weimer* v. *Bunbury*, 30 Mich., 212.) The limitation as to "due process of law" is inapplicable to the exercise of the power of taxation. (*People* v. *Mayor of Brooklyn*, 4 N. Y., 419, 423; *Brewster* v. *City of Syracuse*, 19 id., 116; *Howell* v. *City of Buffalo*, 37 id., 267–270; *People ex rel. Crowell et al.* v. *Lawrence et al.*, 41 id., 137–140; *In re Van Antwerp*, 56 id., 261; *In re Lands in Flatbush*, 60 id., 398, 406; *In re Zborowski*, 68 id., 96.)

Folger, J.   The case *In re Zborowski* (68 N. Y., 88), held that under the New York city charter of 1870, the the department of public works had the power to order the construction of sewers, as well as to carry on the work of construction. It is claimed that by the charter of 1873, that power has been divested. The charter of 1873 (Laws of 1873, chap. 335, p. 484), however, declares that there shall be a department of public works (§ 26, p. 491), and that it shall continue to possess the same powers and perform the same duties as heretofore (§ 118, p. 521), which must mean that it has the power to order the construction of sewers and to carry on the work, unless there is somewhat else in the charter to prevent.

The charter of 1870 was repealed by that of 1873 (§ 119, pp. 521, 522). The repeal by its terms did not take effect though, until the organization of the department of public works under the act of 1873 ; and inasmuch as, as soon as it

was organized, it by virtue of that act became possessed of all the powers of its predecessor under the act of 1870, the prospective repeal of that latter act did not wipe out the powers it conferred and which the act of 1873 continued. It is not necessary to inquire whether the repeal of the charter of 1870 revived the act of 1865 (chap. 381, p. 715). If it did, it revived it without the powers it gave; for they had by the act of 1870 been transferred to the department of public works of that act, and by the act of 1873 continued into the like department of that act. The very terms by which the act of 1870 was repealed, were so repugnant to the terms of the act of 1865 which gave power, as that the gift of power by the latter was repealed by implication, or by the other clause of the act of 1873 repealing all parts of acts inconsistent with it (§ 119, *supra*).

The act of 1873 gives powers, by general terms and special enumeration, to the common council; but these are not different in extent, nor in relation to the powers of the department of public works, from those which we considered in the case above cited. Hence it is that the phrase in section 118 (*supra*), "except as herein provided," does not work any different result out of the act of 1873 than came from that of 1870. The phrase in the fourth section of the act of 1873, "the board of aldermen * * * shall exercise the entire legislative powers," brings in no new power. That phrase is to be read together with its kinsman in the same section, "shall alone constitute the common council." A purpose of the fourth section was to abolish the board of assistant aldermen and to make a common council of but one board. Thus the phrase first above quoted means that all the legislative power of the common council shall be in the one board, the board of aldermen, instead of in the two, as theretofore. The legislative power had been conferred already in the act, in terms just like those of 1870 (see § 2 of Art. 2 of each act); and the use of these terms in the fourth section was neither another bestowal of power nor an enlargement of the first. The language giving power in

special words to the department of public works over sewers is the same in each act, "shall have cognizance and control" (§ 71, art. 8 of act 1873; § 78, art. 8, 1870); and needs no farther interpretation than results from the decision in 68 N. Y. (*supra*). There are other provisions in the charter of 1873 which are relied upon by the appellant as showing a different intention in the Legislature from that had in passing the act of 1870. We have compared the two acts, and find that in these respects there is no such substantial difference in provision as to indicate a different legislative purpose. The Dongan and Montgomerie charters are kept in force by each act. The act of 1873 does one thing that we do not see in that of 1870; it revives and continues in force ordinances of the common council. It is a general clause; and it is not to be construed as giving operation thr8ugh an ordinance to any matter repugnant to or inconsistent with the provisions of the act itself. We do not find in the twenty-sixth subdivision of section 17, article 2, the force which the appellant seeks for it. If the common council has, as is claimed, the sole power to order the making of a sewer, and the department of public works is subordinate to it in this respect and must wait for an ordinance before it can begin to build; as much must it go forward to build where the ordinance has been passed. The provision of that subdivision seems rather to concede that the department would be independent of the common council, but for express provision that it shall be obedient when thus called upon, in a work that the council may originate.

We are not able to discover in the act of 1873, that the legislative plan has been changed so far from that shown by the act of 1870, as to make the decision *In re Zborowski* inapplicable to this case.

That decision is also to the end, that a determination of a municipality to enter upon a work of local improvement, is not invalid for the lack of prior notice, to owners of property to be affected, of an intention so to do. It was there conceded (as not necessary then to be questioned), that before

an assessment is laid, there should be notice and a time to be heard. In the case in hand the question is more sharply presented. The appellant testifies that he had no notice that an assessment was to be imposed on him; by which is meant, as we understand it, notice personal and peculiar to himself. Personal notice is not needed. The Legislature may prescribe what the manner of notice shall be. It is not needed that in this case we decide whether an assessment will be valid, though no notice of any kind is given to the owner of property, until he is called upon to pay the amount rated against him. That question is not here. The Legislature has prescribed for notice before the assessment is final and effectual. Chap. 326, Laws of 1840, § 2, has provided for notice of the completion of the estimate and assessment, to be given to owners or occupants of premises affected. This notice is by publication in daily newspapers for objections in writing to be presented in a time named, which, if not yielded to by the primary board, are to be sent up with the assessment to the reviewing and confirming board. (See, also, chap. 171, Laws of 1841, § 1; chap. 302, Laws of 1859, §§ 15–19; chap. 308, Laws of 1861, § 1; chap. 580, Laws of 1872, § 6; chap. 335, Laws of 1873, § 111.)

The opinion in *Stuart* v. *Palmer* (74 N. Y., 183), is not in conflict. That demands only that some notice be given and opportunity for hearing had, before the assessment becomes conclusive. It says: "The Legislature may prescribe the kind of notice, and the mode in which it shall be given." We will not reason to the end that such notice is all that is exacted by the law of the land. Such has been the course of procedure in such case too long to be now disturbed, save by legislative or fundamental provision.

The petition in this case does not present the question that such notice was not given. It presents the question of whether it is needful that there should be personal and individual notice, as distinguished from the public and general notice, given by advertisements in newspapers. We think that it is not needful.

As to the point that the levying of an assessment is a judicial act, we have already in *In re Zborowski (supra)*, stated our view of the sense in which the acts of municipal officers are styled judicial or ministerial.

We see no reason to interfere with the adjudication of the courts below.

The order should be affirmed.

All concur.

Order affirmed.