(31 Misc. Rep. 211.)

PEOPLE ex rel. DE PEYSTER v. COLER, Comptroller, et al. (two cases).

(Supreme Court, Special Term, New York County. April, 1900.)

1. LOCAL IMPROVEMENTS—ASSESSMENTS—CONFIRMATION—NOTICE.

Laws 1882, § 916 ("Consolidation Act"), provides that in assessments on property for local improvements the comptroller shall give 10 days' notice by advertisement immediately after the confirmation of such assessment. Section 917 provides that, if any such assessment remain unpaid for 60 days after the date of entry thereof, interest shall be charged thereon. An assessment was confirmed, and entry made July 22, 1892, and notice first published August 6, 1892, demanding payment within 60 days from entry on penalty of interest thereon. Held, that the property owner was entitled to not more than 60 nor less than 50 days' notice of such confirmation; that such notice was insufficient, and interest could not be added to such assessment.

2. SAME—NOTICE—NAMES OF OWNERS.

Under Laws 1882, § 916 ("Consolidation Act"), providing that on the confirmation and entry of an assessment the comptroller shall give notice by advertisement "notifying all persons, owners of property affected" thereby, that unless they pay such assessment within 60 days interest shall be charged thereon, a notice which is addressed to "all persons, own-

ers of property," affected by the assessment, without specifying their names, is sufficient.

3. SAME—NOTICE OF ADVERTISEMENT—OWNERS' NAMES.

Laws 1882, § 916, provides that on the confirmation of assessments for local improvements the comptroller shall give notice by advertisement that unless such assessments are paid within 60 days interest will be charged thereon. Laws 1893, c. 183, provides that the comptroller shall publish "a brief notice" in certain newspapers calling attention to advertisements of the confirmation of assessments being published in the City Record. *Held*, that it is not necessary that the names of the owners of the property affected by such assessment be inserted in such brief notice.

4. SAME—SPECIFYING WARD—SUFFICIENT DESIGNATION.

Laws 1882, § 916, provides that on the confirmation of assessments for local improvements the comptroller shall give notice by advertisement that unless such assessments are paid within 60 days interest will be charged thereon. Laws 1893, c. 183, provides that the comptroller shall publish a brief notice in certain newspapers calling attention to advertisements of the confirmation of assessments which are being published in the City Record, and specifying the ward in which the property assessed is situated. *Held*, that a notice which describes the property affected as on the "north side of One Hundred and Ninth street" is sufficient to apprise an owner of property at the northwest corner of Columbus avenue and 109th street of such assessment.

5. SAME—ADVERTISEMENTS—STATUTORY PROVISION—PREVAILING PRACTICE.

Under Laws 1882, § 916 ("Consolidation Act"), providing that the comptroller shall give notice by advertisement of the confirmation and entry of assessments for local improvements immediately after such confirmation and entry, notifying affected property owners that unless such assessment is paid within 60 days interest will be charged thereon, the fact that it had been for a long time the usage of the comptroller to delay the giving of such notice cannot control the positive statutory direction that the notice shall be given "immediately" after the confirmation and entry of such assessments, and a delay thereof will render the notice ineffectual.

Mandamus by the people, on the relation of J. Watts De Peyster, against Bird S. Coler, comptroller of the city of New York, to compel a tender in payment of an assessment for local improvements. Writ allowed.

James A. Deering, for relator.

John Whalen, Corp. Counsel (George O'Reilly, of counsel), for respondents.

LAWRENCE, J. In each of these cases the relator expresses a willingness to pay the assessment, but not the interest which the city authorities claim has accrued on the sums assessed upon his lots. In each case he asks that a peremptory writ of mandamus issue, directed to the comptroller and collector of assessments, commanding them to receive the amount of the assessment, without interest. The assessment for the sewer in 116th street, between Amsterdam and Morningside avenues, was confirmed July 22, 1892, and the assessment for the sewer in Columbus avenue, between 108th and 109th streets, was confirmed May 9, 1894. The main point presented by the relator in each case is that interest is imposed in assessment cases as a penalty, and that the city is not entitled to enforce such penalty in the case of these improvements, for the reason that the statutes authorizing it to impose such penalty have not been strictly

complied with. The requirements alleged not to have been complied with are those which are prescribed by the consolidation act (Laws 1882, c. 410). There is this difference between the earlier and the later assessment, to wit, that the latter is affected by an amendment to the consolidation act (chapter 183, Laws 1893), while the former is not. It is claimed by the relator that the notice which was given by the comptroller after the confirmation of the assessment was not such as the law requires to be given as a condition precedent to the right of the city to collect interest on the sum assessed.

Section 916 of the consolidation act, which was in force when the first assessment was confirmed, provided as follows:

"It shall be the duty of the comptroller to give public notice, by advertisement, for at least ten days in the City Record, immediately after the confirmation of any assessment for a local improvement, that the same has been confirmed, specifying the title of such assessment, and the date of its confirmation by the board of revision and correction of assessments, and also the date of entry in the record of titles of assessments kept in the bureau for the collection of assessments and of arrears of taxes and assessments, and of Croton water rents, notifying all persons, owners of property affected by any such assessment, that unless the amount assessed for benefit on any person or property shall be paid within sixty days after the date of said entry of any such assessment, interest shall thereafter be collected thereon; as provided in the following section and all provisions of law or ordinance requiring any other or different notice of assessments and interest thereon are hereby repealed."

Section 917 provides:

"If any such assessment shall remain unpaid for the period of sixty days after the date of entry thereof in said records of titles of assessments, it shall be the duty of the officer authorized to collect and receive the amount of such assessment, to charge, collect and receive thereon at the rate of seven per centum per annum, to be calculated from the date of such entry to the date of payment."

The notice which was given by the comptroller, so far as it related to the 116th street sewer, was as follows:

"Assessment confirmed by the board of revision and correction of assessments, July 22, 1892. In pursuance of section 916 of the New York City consolidation act of 1882, the comptroller of the city of New York hereby gives public notice to all persons, owners of property affected by the following assessment lists, viz.: * * * Twelfth Ward. One Hundred and Sixteenth street sewer, between Amsterdam and Morningside avenues west, * * * which were confirmed by the board of revision and correction of assessments, July 22, 1892, and entered on the same date in the record of titles of assessments, kept in the bureau for the collection of assessments and arrears of taxes and assessments and of water rents,—that unless the amount assessed for benefit on any person or property shall be paid within sixty days after the date of said entry of the assessment interest will be collected thereon as provided in section 917 of said New York City consolidation act of 1882. Section 917 of the said act provides that 'if any such assessment shall remain unpaid for the period of sixty days after the date of entry thereof in the said record of titles of assessments, it shall be the duty of the officer authorized to collect and receive the amount of such assessment, to charge, collect and receive interest thereon at the rate of seven per centum per annum, to be calculated from the date of such entry to the date of payment.' The above assessments are payable to the collector of assessments and clerk of arrears at the bureau for the collection of assessments and arrears of taxes and assessments and of water rents between the hours of 9 a. m. and 2 p. m., and all payments made there on or before September 21, 1892, will be exempt from interest, as above provided, and after that date will be subject to a charge of interest at the rate

of seven per cent. per annum from the date of entry in the record of titles of assessments in said bureau to the date of payment.

"Theodore W. Myers, Comptroller.

"City of New York, Finance Department, Comptroller's Office, August 5, 1892."

The relator insists that the notice was void for these reasons: (1) That the notice was not published "immediately" after the confirmation of the assessment. The assessment was confirmed July 22, 1892. The first publication of the notice was on August 6, 1892, and the last (10 days) on August 19, 1892, and that the owner thus had but 45 days' notice before interest was chargeable, instead of 60 days, as contemplated by the statute. (2) That the notice was not addressed to any of the owners assessed, nor did it specify the lots assessed or the amounts assessed against them. No owner's name was specified.

The word "immediately" should, in my opinion, be construed as synonymous with "without delay." I agree with counsel for petitioner that the object of immediate publication was that the party affected should have the time given (60 days at most, 50 days at least) to provide money for the payment of the assessment, and also that the time fixed was a reasonable time for the purpose, and that a failure to give it took away, at least, a strict right which the party assessed possessed under the statute. While the word "immediately" may not mean instantly, the intention of the statute was to give to the parties assessed notice of the confirmation of the assessment lists as soon as possible and without unnecessary delay. Now, in the first case at bar, the publication did not commence until August 6, 1892, and it was not completed until August 19, 1892, although the assessment was confirmed on July 22, 1892. The owner, therefore, did not have the "immediate" notice which the statute requires, and in this respect I think that the notice must be held to be defective. It must be remembered that in all cases of this nature the provisions of the statute must be strictly observed, and the party whose property is sought to be taken or affected has a right to insist upon such observance. See Doughty v. Hope, 1 N. Y. 79 (s. c. 3 Denio, 594, 595). In Doughty v. Hope it was held that the publication of a redemption notice required after a sale for a tax or assessment by St. 1816, p. 114, as modified by St. 1840, p. 274, § 10, must be fully completed before the commencement of the last six months, two years succeeding the sale, and that an omission in that respect would invalidate the purchaser's title.

The further point has been raised that the name of the owner of the property assessed should have been specified in the notice. I am, however, of the opinion that the notice in that respect is a sufficient compliance with the statute. In re De Peyster, 80 N. Y. 565. As has been stated above, at the time the assessment for the sewer in Columbus avenue, between 108th and 110th streets, was confirmed, to wit, May 9, 1894, section 916 of the consolidation act had been amended by chapter 183, Laws 1893. By that amendment it was provided that, in addition to what had been previously required, the comptroller should specify the ward or wards "in which the improve-

ment is situated and the area of assessment." It was also provided by the amendment of 1893 that the comptroller shall, "at the same time, also publish under the head of real estate or legal notices, a brief notice three times in each of the newspapers designated annually by the mayor, corporation counsel and commissioner of public works, under section sixty-six of this act, calling attention to advertisements of the confirmation of assessments published in the City Record, and specifying therein the title of the improvement, and the ward in which the property assessed therefor is situated." The notice given by the comptroller in this case is claimed by the relator to be defective for the reason that it was not addressed to any of the persons assessed for the improvement by name, and that it was not addressed to nor did it name the petitioner, although his name appeared in the list of assessed owners. As the notice was addressed to all persons, owners, or property affected by the assessment, I think, as stated in the case of the 116th street sewer, it was sufficient.

The relator further claims that the area of assessment was not so stated in the notice published by the comptroller as to apprise him that his lots were affected by the assessment. In this view I cannot concur. His property is situated on the northwest corner of Columbus avenue and 109th street, and I think that the lots can fairly be said to be on the north side of 109th street.

On the question as to the time when the notice was first published, I am, however, as in the 116th street case, of the opinion that the relator did not receive the full time allowed by the statute. It cannot be said that a notice published 28 days after the confirmation of the assessment was published "immediately." It is urged by the respondents that the notice given by the comptroller in these cases of the confirmation of the assessment lists conformed to a practice which has long prevailed. Usage cannot control a positive statutory provision. See Sharpe v. Speir, 4 Hill, 76; Sharpe v. Johnson, Id. 92; Cruger v. Dougherty, 43 N. Y. 107; Doughty v. Hope, 3 Denio, 595.

The relator further contends that in the case of the Columbus avenue sewer the "brief notice" published by the comptroller was not in compliance with the amendment of the consolidation act of 1893. As the statute requires such notice to be given at the same time as the 10-days notice, and as it was not published until June 12, 1894, the notice is subject to the criticism that it was not only not published "immediately" after the confirmation of the assessment, but 6 days after the commencement of the publication of the 10-days notice.

Other questions are discussed by counsel in their briefs, but, as I am of opinion that the notices given by the comptroller of the confirmation of the assessment lists were not published within the time required by section 916 of the consolidation act, it is unnecessary to examine them. The motion for a peremptory writ of mandamus as prayed for will therefore be granted in each case, with costs.

Motion granted in each case, with costs.