CHARLOTTE GREENE, as Administratrix of the Estate of
    HUGO G. BEHM, Deceased, Respondent, v. INTER-
    BOROUGH RAPID TRANSIT COMPANY, Appellant.

**Trial — erroneous refusal to charge in action for negligence.**

In an action to recover for the death of an employee through
the alleged negligence of his employer, it is error for the court to
refuse to charge that, "If the jury find that it was the duty of the
intestate to remain on top of the structure and direct and watch
over the men, and disregarding that duty he went underneath par-
ticipating in the work, the defendant in that event owed him no
duty to furnish a reasonably safe place in which to work."

*Greene* v. *Interborough Rapid Transit Co.*, 150 App. Div. 930,
reversed.

(Argued April 18, 1913; decided April 29, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court, in the first judicial department,
entered June 3, 1912, affirming a judgment in favor
of plaintiff entered upon a verdict in an action to recover
for the death of plaintiff's intestate alleged to have been
occasioned through the negligence of defendant, his
employer.

*Bayard H. Ames, John Montgomery* and *James L.
Quackenbush* for appellant.

*Bernard Gordon* for respondent.

*Per Curiam.* We think the judgment herein must be
reversed on account of the refusal of the trial court to
give the jury a charge which was requested by counsel
for the defendant. Since the case is not one of general
public interest, the statement of a few facts will suffice
to indicate to counsel for the respective parties the bear-
ing of this request upon the case as it was submitted to
the jury.

Plaintiff's intestate was a sub-foreman in charge of a
gang of three or four men who were engaged in the
installation of an equalizing cable upon the defendant's

elevated structure at First avenue and Fifteenth street, borough of Manhattan, city of New York. Mr. Hobel, the defendant's supervisor of electrical repairs, was called as a witness for the defendant, and testified, in substance, that he had told intestate not to go upon the girders, and not to do any work himself; that his sole duty was to watch the men under his charge and superintend their work. At the time of the accident the intestate was attempting to get up from the girders underneath the structure, having been actually at work assisting'the men in attaching the cable to the wood work. Hobel's testimony in this respect was uncontradicted by any other witness, and upon it defendant's counsel predicated the following request: "If the jury find that it was the duty of foreman Behm (the intestate) to remain on top of the structure and direct and watch over the men, and disregarding that duty he went underneath participating in the work, the defendant in that event owed him no duty to furnish a reasonably safe place in which to work." The learned trial court refused to charge as requested and defendant's counsel duly excepted. The request should have been granted. (*Doughty* v. *Hope*, 1 N. Y. 79.)

The judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.