A. Franklin Mahoney, J.
This is a CPLR 3211 motion to dismiss both the original and amended complaint on the following grounds: (a) to dismiss all seven causes of action in the original complaint on the ground that the complaint was amended after the time it could be amended “as of course ” and without court order and, further, that the amended complaint was only served upon the Corporation Counsel of the City of Albany and not on the named defendants constituting the Common Council of the City of Albany (CPLR 3211, subd. [a], par. 8), (b) to dismiss all 10 causes of action set forth in the amended complaint for failure to state a cause of action in that the documentary evidence annexed to the papers in support of the motion is an absolute bar to maintenance of the action in its totality (CPLR 3211, subd. [a], pars. 1, 7); (c) to dismiss the “Third” and “Seventh” causes of action in the amended complaint on the ground they contain allegations not set forth in the original complaint; (d) to dismiss all 10 causes of action in the amended complaint on the ground that all causes of. action are barred by the Statute of Limitations contained in section 2 of chapter 523 of the Laws of 1929 of the State of New York, as amended by chapter 710 of the Laws of 1943; and (e) to dismiss the “ Third ” and “ Seventh ” causes of action of the amended complaint on the ground that the court should not proceed in the absence of the Attorney-General who should be made a party.
On December 3, 1973, by ordinance, the common council directed and ordered that a new road be constructed west of Karner Road and along Madison Avenue and Willow Street right of way, petitions requesting such work having been duly presented and filed in accordance with chapter 523 of the Laws of 1929 of the State of New York. The ordinance of December 3, 1973 also ordered that the cost of the improvement should be assessed against the realty to be benefited, which includes lands owned by the plaintiff herein. On the same date the council passed an ordinance authorizing the acquisition of lands for that purpose. Thereafter, on December 17, 1973, the Common Council, by ordinance, accepted by fee conveyance certain lands set forth in the master plan for Pinehurst, particularly Willow Street Extension and lands on the southerly side of Madison Avenue, for the purpose of constructing Pinehurst Boulevard west of Karner Road, all as ordered by the ordinance of December 3, 1973. On March 19, 1974 the Board of Contract and Supply of the City of Albany caused a legal notice entitled “Notice to Contractors, City of Albany, New York” to be *617 printed in the City Record, a publication put out by the city and available only at the City Hall and Colson’s Newsstand. The “ Notice ” advised of the street improvement to be performed and that bids would be received at the board until 3:00 p.m. on April 16,1974.
The plaintiff corporation, by its amended complaint for a declaratory judgment, seeks a judicial declaration that: (a) the ordinance enacted by the Common Council on December 3, 1973, be declared null and void as being unconstitutional, that (b) the ordinance enacted on December 17, 1973 be declared unconstitutional and, therefore, null and void and (c) that chapter 523 of the Laws of 1929 be declared to be unconstitutional in that it is violative of due process.
First, it is necessary to consider plaintiff’s motion to amend its complaint, said amendment being made more than 20 days after service of the original complaint and without court order. Pleading amendment may be made at any time, albeit, it should be made at the earliest opportunity. However, mere lateness, if no prejudice ensues, is not a barrier, there being numerous instances when amendment of complaint or answer has been granted on the eve of trial, during trial or even on appeal. In the instant case, I can perceive no prejudice operating to the disadvantage of the defendants and, accordingly, leave is hereby granted judicially authorizing the amendment of the complaint and the service of the same on the attorney for the defendants, City of Albany and the Mayor thereof, as well as the appropriate ■officers of the defendant Mid-Atlantic Development Corporation. In this connection, it must be noted that if an amendment does not add new facts to the controversy, but seeks only to add a new or additional ground or theory of liability, it should be granted. Herein, such is the case; the “ Third ” and “ Seventh ” causes of action in the amended complaint do not allege any facts at variance with those alleged in the first complaint served.
Therefore, the grounds for complaint dismissal summarized in (a) and (c) in the first paragraph of this memorandum are dismissed.
Generally, it can be said that the defendant City of Albany, by its Common Council, meticulously complied with all the requirements of chapter 523 of the Laws of 1929, as amended by chapter 710 of the Laws of 1943. The constitutionality and viability of the December 3 and December 17, 1973 ordinances of the city rests completely upon the presumed constitutionality of the generic State law as set forth in chapter 523 of the Laws of 1929, as amended. If the State law is constitutional so are the *618 local ordinances derivative therefrom. If not, the opposite is true. Therefore, consideration need only be given to those causes of action in the amended complaint that attack the constitutionality of the provisions of chapter 523. Therefore, defendants’ motion to dismiss the “First”, “Second”, “Third”, “Fourth”, “Fifth”, “Sixth” and “Seventh” causes of action of the amended complaint is granted.
The “ Eighth ”, “ Ninth ” and “ Tenth ” causes of action of the amended complaint challenge the constitutionality of chapter 523 of the Laws of 1929, as amended by chapter 710 of the Laws of 1943, on the ground that the 30-day Statute of Limitations contained therein is so unreasonably brief as to be constitutionally impermissible and, next, that that portion of chapter 523 that provides that the cost of improvements be assessed against the land owners to be benefited is likewise violative of the due process clause of both the Federal and State Constitutions because it does not contain provisions for notice and hearing.
As to the issue of the 30-day Statute of Limitations, there is no question as to the power of the Legislature to determine and fix Statutes of Limitation provided that the time limited therein is reasonable to give knowledge and opportunity to object to anybody who feels aggrieved. In the instant case, it appears from the affidavit of the attorney for the defendant, Mid-Atlantic Development Corp., that the president of the corporate plaintiff, by letter dated April 6, 1973, declined to execute a proposed petition, then being circulated among the property owners along Madison Avenue and Willow Street, for the purpose of petitioning the City of Albany for an ordinance authorizing and directing the construction of a new road west of Karner Road and along Madison Avenue right of way and Willow Street right of way. It further appears from the papers before me that the City of Albany caused to be published in the City Record a legal notice containing the ordinance ultimately passed on December 3, 1973 and advising that it would be moved for passage at a regular meeting of the Common Council to be held on November 5,1973. The said legal notice was published on October 19, 23, 24, 25, 26, 29, 30, 31 and November 1, 2, 1973. When these two facts are juxtaposed it becomes clear that the plaintiff corporation was aware that the city had acquiesced to the relief requested in the petitions filed with them and proposed to enact an enabling ordinance on November 5, 1973, but which was in fact passed on December 3, 1973. Clearly, the provisions of chapter 523 of the Laws of 1929, with respect to the 30-day *619 limitation, cannot be said to be unreasonably brief as applied to the plaintiff herein in light of the evidentiary proof before me that the plaintiff had actual notice of the petitions for a period of eight months before passage of the December 3, 1973 ordinance and constructive notice of the action to be taken by the city for a period of two months prior to the passage of the ordinance. In my view, therefore, the Statute of Limitations contained in chapter 523, as applied, is constitutional and valid.
Finally, plaintiff contends that the creation of a special assessment upon his property to help defray the cost of the improvement is unconstitutional because chapter 523 provides for no notice or opportunity to be heard with respect to the levy of that special assessment. Plaintiff’s reliance upon Stuart v. Palmer (74 N. Y. 183) and its progeny is misplaced. Stuart stands for the proposition that before a special assessment becomes conclusive there must be some notice and opportunity for hearing. The Legislature may prescribe the Mnd of notice and the mode in which it shall be given. In the instant case, the special assessment complained of by the plaintiff has not been levied; indeed, the work called for by the ordinance under attack has not yet been undertaken nor has the city computed the cost of the proposed improvement so as to determine the pro rata share of that cost to be borne by the land owners along the proposed new street. In Matter of DePeyster (80 N. Y. 565) the Court of Appeals distinguished Stuart (supra) in those instances where, as herein, an improvement is proposed to be undertaken which would necessitate the imposition of costs against contiguous land owners but has not yet been completed. In such cases legislation directing the work to be done is not invalid for lack of prior notice. The Court of Appeals in DePeyster (p. 571) stateda determination of a municipality to enter upon a work of local improvement, is not invalid for the lack of prior notice, to owners of property to be affected ’ ’. In that case, the appellant claimed that he had no notice that an assessment was to be imposed upon him. The court answered that complaint as follows (p. 572): “ It is not needed that in this case we decide whether an assessment will be valid, though no notice of any kind is given to the owner of property, until he is called upon to pay the amount rated against him.” Again, in DePeyster (p. 572) the Court of Appeals stated: “ The Legislature has prescribed for notice before the assessment is final and effectual. Chap. 326, Laws of 1840, § 2 ”. In this case, chapter 298 of the Laws of 1883 entitled, 11 An act to provide for the government *620 of the ‘ City of Albany ’ ”, provides in. section 29 of title IX thereof that: “ It shall be the duty of said board to apportion and assess all the expenses * * * attending the .same for any of the work and improvements authorized by the common council * * * among all the houses and lots or vacant lots and franchises intended to [be] benefited by such work and improvements # * * and when thus far perfected, the said board shall cause a notice of the same to be published in the official newspapers of the city of Albany * * * during which time the said apportionment and assessment shall be opened for inspection and examination * * * and on the application, in writing, of any person considering himself aggrieved ”, the clerk of said board shall cause a notice to be given to the party so objecting by serving such notice upon such objector personally and ‘ ‘ they will be granted a hearing in the matter at a meeting to be held for that purpose. After such hearing * * # the board may review and correct such apportionment and assessment; and when the said board shall have confirmed the same * * * an abstract of the apportionment and assessment so approved and confirmed shall be filed * * * and shall be binding and conclusive upon the owner or owners * * * and said apportionment shall be and remain a lien upon the house or houses and lots * * * until the said apportionment or assessment shall be paid * * * provided, however, that if the assessment or apportionment is changed upon any hearing had hereunder, it shall not be confirmed ’ ’.
Clearly, from all of the above it appears that no notice and opportunity to be heard is constitutionally required to be given by a municipality until such time as the improvement has been completed and the special assessment to defray the cost of same has been levied. I can perceive of no reason why the City of Albany would not comply with the command of chapter 298 of the Laws of 1883.
That branch of the motion seeking to dismiss the “ Eighth ”, “ Ninth ” and “ Tenth ” causes of action of the amended complaint is granted. Since the first seven causes of action of the amended complaint are totally dependent upon the plaintiff being sustained in the last three causes of action of the amended complaint, and those having been found to be wanting in sustainable allegations, the entire complaint is dismissed.