CITY OF HARRISONVILLE, Appellant, v. NORA F. FOSTER et al.

**Division One, March 2, 1915.**

1. **EJECTMENT: Street: Limitations: Possession Begun Prior to 1866.** Adverse actual possession of a strip of ground designated on a plat as a street, begun by fencing the same and constructing a house thereon prior to 1860, and continued ever since except about one year during the Civil War beginning with October, 1863, bars a recovery by the city.

2. **RES ADJUDICATA: Not Pleaded: Collateral Matter.** A stipulation that the case is to abide the result in another case, and an adverse adjudication in such other case, to be held to be *res adjudicata* should be pleaded, and the matters therein adjudicated should not be merely collateral to the issues on trial.

Appeal from Cass Circuit Court.—*Hon. A. A. Whitsett,* Judge.

AFFIRMED.

*Charles W. Sloan* and *W. D. Summers* for appellant.

(1) The city of Harrisonville was the proper party to sue in ejectment for streets and alleys dedicated to public use. California v. Howard, 78 Mo. 88; Columbia v. Bright, 179 Mo. 441; McCarty v. Clark County, 101 Mo. 182; Elevator Co. v. Railroad, 135 Mo. 366. Nor can laches be imputed to a city or its officers for negligence or delay in suing. Wright v. Doniphan, 169 Mo. 614; St. Louis v. Railroad, 114 Mo. 24; State ex rel. v. Vandalia, 119 Mo. App. 423; City Products Co. v. St. Louis, 246 Mo. 461. (2) The finding of facts and judgments, rendered by the circuit court, were unsupported by the uncontradicted facts in the case, on the following grounds: (a) It was admitted that plaintiff was a party to the suit of Naylor v. Harri-

sonville, 207 Mo. 341, in which the plat of said city was
the same as the one in this case, in which plaintiff
recognized the plat as valid and which plat showed
she claimed block 223, and which plat showed a dedi-
cation of the streets, including the one involved in this
suit, and that she is bound by the adjudication and con-
struction of said plat by said court. Said last case de-
cided the streets were as dedicated fifteen feet wide.
When said plat was once offered and relied on by
plaintiff in said suit it was vouched for as showing a
dedication of all the streets as shown by said plat.
Parties are always bound by admissions in other cases
made in pleadings against their interest. Merriwether
v. Knapp & Co., 224 Mo. 627. The plat being offered
in Naylor case, there being no limitation in the offer,
was evidence for all purposes and showed a dedication
of what purported to be streets. Sobier v. Transit
Co., 203 Mo. 702. (b) The judgment and finding of
facts in case of Naylor v. Harrisonville, 207 Mo. 341,
defendant Foster being a party thereto, were admis-
sible as evidence and binding on defendant in this
case. Offut v. John, 8 Mo. 120; McNair v. Ofallon, 8
Mo. 205; 1 Greenleaf, Ev. (15 Ed.), secs. 531 and 534;
Tyler v. Hall, 106 Mo. 313. "Where the effect of a
judgment is to settle a particular fact that issue must
be held *res adjudicata* as to the adversary parties."
Dodge v. Knapp, 112 Mo. App. 527; Pond v. Huling,
125 Mo. App. 182; Brown v. Railroad, 96 Mo. App. 164;
Nave v. Adams, 107 Mo. 414; Choteau v. Gibson, 75
Mo. 38. Besides all matters which belong to the sub-
ject of litigation which parties might have raised are
as binding as if specifically put in issue. Young v.
Byrd, 124 Mo. 590; Summit v. Realty Co., 208 Mo. 511;
Donnell v. Wright, 147 Mo. 647; Trust Co. v. Nathan,
122 Mo. App. 328; Spratt v. Early, 199 Mo. 501. (c)
The defendant having only filed a general denial and
not disclosing the nature of her defense, plaintiff was
not bound to plead estoppel. Tyler v. Hall, 106 Mo.

319; Powell v. Tinsley, 137 Mo. App. 559; Ess v. Griffith, 139 Mo. 332; Long v. Coal & Iron Co., 233 Mo. 738. (d) The plat showed sufficiently a dedication of the street or alley in controversy. Naylor v. Harrisonville, 207 Mo. 341; Buschmann v. St. Louis, 121 Mo. 536; State ex rel. v. Road Co., 207 Mo. 106. Acceptance by public is not even necessary to constitute dedication. Reid v. Board of Education, 73 Mo. 295. (3) There was absolutely no evidence to support the finding of facts and judgment based on the defense of the Statute of Limitations. (a) Since August 1, 1866, no one can acquire title by adverse possesison to any street or alley in any town or city. Sec. 4270, R. S. 1909; Brown v. Carthage, 128 Mo. 17; Hendrickson v. Gradble, 157 Mo. 42; Dice v. Hamilton, 178 Mo. 81; McGrath v. Nevada, 188 Mo. 102; Railroad v. Baker, 183 Mo. 323. (b) The burden rested on defendant to show adverse possession and to fix the time when she and those under whom she claims "began to hold adverse to the true title." Lumber & Mining Co. v. Jewell, 200 Mo. 716; Hunnewell v. Adams, 153 Mo. 440; Hunnewell v. Burchett, 152 Mo. 611. (c) The burden also devolved on defendant to show that the adverse possession of defendant and those under whom she claims had begun prior to August 1, 1866, and has continued unbroken. Railroad v. Baker, 183 Mo. 312; Hendrickson v. Gradble, 157 Mo. 48. And this adverse possession must be under claim of title without a break. Lynde v. Williams, 68 Mo. 365; Wilkerson v. Eilers, 114 Mo. 254.

*D. C. Barnett* for respondent.

(1) "A presumption in favor of the correctness of the finding of the court sitting as a jury in a law case [ejectment] is to be indulged, just as it is indulged in favor of the correctness of a verdict of a jury in a like case; that is, it will not be disturbed by

the Supreme Court unless there is an absence of substantial evidence to sustain it." Vincent v. Means, 207 Mo. 709; Irwin v. Woodmansee, 104 Mo. 403; Handlan v. McManus, 100 Mo. 129; Skinker v. Haagsman, 99 Mo. 209; Hamilton v. Boggess, 63 Mo. 243.( 2) If plaintiff ever had title, the Statutes of Limitations have run against it; for plaintiff is not shown ever to have had possession, and the actual, open, adverse possession of Coleman Farmer began in 1857, by inclosing the tract now held by defendant and building a house thereon and moving into and occupying the property. This started the running of the statute against plaintiff, if plaintiff ever had the legal title, which is denied by defendant. And the statute once started to run is presumed to continue uninterruptedly. And as the statute ran against the public before August 1, 1866, if it was started before that period, the passage of that statute did not stop it. Evidence is ample to support such possession of defendant and her predecessors in title and possession. And any temporary absence, if any, does not break the continuity of the possession. Hubbard v. Dry Goods Co., 209 Mo. 504; Hunter v. Pinnell, 193 Mo. 146; Crispen v. Hannavan, 50 Mo. 550. (3) The adjudication in the Naylor case does not work an estoppel on defendant here, nor prevent her from objecting to any evidence offered by plaintiff. The fact that in the former suit (companion of Naylor suit, 207 Mo.), the plaintiff there, defendant here, offered the plat in evidence in the trial court, and the plaintiff here, the defendant city there, objected to its admission in the trial court, but did not urge its objection in this court, and the admissibility of said plat was not passed on, but treated by this court and both parties in this court as properly admitted, does not so consecrate said piece of evidence used in that case that either plaintiff or defendant may not object in another suit in regard to another matter in another and subsequent case. As to the principle

of estoppel, it is sufficient to say that in order for one to be estopped by a former adjudication, the parties must be the same or privies, the subject-matter must be the same (or such as could have been in contemplation of the parties and adjudicated therein), and the issues in the latter suit must have been directly adjudicated in the former. While there was a former suit between the parties, it was over the question as to whether the city had a right to *compel defendant* here to *build a sidewalk* along the much-traveled street *west* of her property; in the case at bar, it is whether the plaintiff has the legal title and is entitled to the possession of an alleged strip of ground along the east side of her property, with damages for withholding possession. Clemens v. Murphy, 40 Mo. 121; Spurlock v. Railroad, 76 Mo. 67; Tutt v. Price, 7 Mo. App. 194; Hickerson v. Mexico, 58 Mo. 65; State ex rel. v. James, 82 Mo. App. 373; Barkhofer v. Barkhofer, 93 Mo. App. 373; Garland v. Smith, 164 Mo. 1; Comstock v. Eastwood, 168 Mo. 42.

WOODSON, J.—This is an ordinary action in ejectment brought by the plaintiff against the defendant to recover a strip of ground fifteen feet wide, running north and south between blocks 222 and 223, in the city of Harrisonville, Cass county, Missouri, called a street or alley.

The petition was in the usual form, and the answer was the Statute of Limitations and a plea of an estoppel.

The trial was had before the court, a jury having been waived.

No instructions were asked or given. The court at the request of the parties made the following finding of facts:

"The court finds that the plat introduced in evidence is valid, and the same is by the court received and considered as evidence in this case.

"The court further finds that the defendant, her grantors and those under whom she claims, have held open, adverse and notorious possession of the land, or all that part thereof contained within the fence now erected and standing and used to enclose her possessions, as shown by the evidence, and that same has been continued since its beginning which was in the year 1857, and that claim has been made to title thereto, since said date and that defendant still holds the same, claiming title thereto, and that the statutes have run in favor of defendant and against plaintiff as to all that part within the inclosure aforesaid.

"That the owners of property in said block so occupied by defendant have purchased the same and made improvements thereon in said block, with the knowledge of the possession of defendant and the claims of defendant.

"That defendant purchased the property and made improvements thereon in said block with the knowledge of the fact of such occupancy, and the long continued occupancy prior to her acquiring the same, and should be protected in her purchase and claim and possession.

"That plaintiff, the city of Harrisonville, has by and through its officers, failed to take any steps or make any claim as to the same up to the time of the bringing of this suit, which was over fifty years since the first fence was erected and possession taken, and that the present fence is located on or at the place where the fence stood or was first erected about the year 1857, and before August 1, 1866."

I. This cause having been tried by the court without a jury, and there having been no instructions asked

**Ejectment.** or given, there is nothing for the court to do except to determine whether or not there was sufficient evidence introduced to support the findings of the court.

The plat mentioned in the findings of the court is the same plat that was introduced and passed upon by this court in the case of Naylor v. Harrisonville, 207 Mo. 341.

Mattie Farmer, Lizzie Cummings, —— Jones, Rilda Gidean, R. L. Foster, J. W. Graham, Nora Foster, E. C. Deacon, U. L. Ragan and Frank Chilton all testified in substance that they had known the property in controversy ever since the early fifties; that there was then a brick house standing on a part of the ground, and that it was occupied and fenced in all the time except during a period of about one year during the war, when the fence was burned for wood, by people going there to escape "General Ewing's Order No. 11," in October, 1863.

A number of these witnesses testified that they occupied the house during different years; and that when the old house was torn down a new one was erected in place thereof, which is still standing.

There is no question but what this evidence made out a case for the defendant, and fully warranted the findings of the court.

II.   Plaintiff insists that the judgment should be reversed because the matters involved in this case were adjudicated in the case of Naylor v. Harrisonville, supra, and cases which upon stipulation abided the result of that case.

**Former Adjudication.**

It is a sufficient answer to that contention to state that no such question was presented by the pleadings, and is therefore not properly before this court; and besides the matters there adjudicated were collateral to the things here presented.

Finding no error in the record the judgment is affirmed. All concur.